IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC MCDONALD** | : | CIVIL ACTION |
| *Petitioner pro se* | : | |
| | : | |
| v. | : | NO. 22-CV-2932 |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA** | : | |
| | : | |
| *Respondent* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                NOVEMBER 17, 2022

  Eric McDonald, a pretrial detainee currently confined at Northampton County Prison proceeding *pro se*, filed a *Petition for Mandamus* against the Commonwealth of Pennsylvania. McDonald asks this Court to intervene in his state criminal prosecution and order the Northampton Court of Common Pleas, Northampton Court of Common Pleas Judge—the Honorable Abraham Kassis—and the Northampton County District Attorney's Office to take certain actions in his ongoing state criminal proceedings. For the reasons set forth, McDonald's Petition for Mandamus is dismiss for lack of jurisdiction pursuant to 28 U.S.C. § 1915A.

  **I.**  **FACTUAL ALLEGATIONS**

  McDonald is awaiting trial in Northampton County on various charges including rape of a child, statutory sexual assault, and involuntary deviate sexual intercourse with a child.[1] *See Commonwealth v. McDonald*, CP-48-CR-0004302-2019 (C.P. Northampton). Northampton

---

[1] The charges against McDonald also include multiple counts of indecent assault against a person less than 13 years of age, aggravated indecent assault of a child, endangering the welfare of a child (parent/guardian/other commits offense), corruption of minors (defendant age 18 or above), corruption of minors, incest of minors, sexual assault, and unlawful contact with a minor.

County Court of Commons Please Judge Kassis is presiding over McDonald's ongoing criminal case. *Id.* McDonald asks this Court to order (1) the Northampton County Court of Common Pleas to review his "omnibus motions;" (2) Judge Kassis to "sever offenses" for each alleged victim in his criminal case, "allow funds for investigative assistance," transcribe all forensic interviews of the child victims, conduct a competency/taint hearing for the child victims, quash the underlying indictment, and allow discovery in the criminal case; and (3) the Northampton County District Attorney's Office to release a Bill of Particulars, transcribe "every recorded interview" of the child victims, and undertake an investigation into the process for obtaining victim statements and testimony to be provided by the child victims. (Pet. at 1-3, 7, 9, 15-16, 18.)

## II.   STANDARD OF REVIEW

McDonald paid the filing fee for this case. Because he is a prisoner, the Court must screen his Petition/Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). Additionally, the Court must dismiss the matter if it determines subject matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc.*

*v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As McDonald is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021).

### III.   DISCUSSION

McDonald seeks mandamus relief only. Mandamus provides a "drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." *In re Carino*, No. 22-2521, 2022 WL 16847545, at *1 (3d Cir. Nov. 10, 2022) (citing *Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 461 (3d Cir. 1996)); *In re Anderson*, No. 21-2507, 2021 WL 5505405, at *1 (3d Cir. Nov. 23, 2021) (writ of mandamus is an extreme remedy that is invoked only in extraordinary situations.). District courts have authority under the All Writs Act to issue a writ in the nature of mandamus when "necessary or appropriate in aid of [its] jurisdiction and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, before entertaining a writ of mandamus, the court "must identify a jurisdiction that the issuance of the writ might assist." *Owens v. City of Philadelphia*, No. 18-4522, 2018 WL 5281779, at 1 (E.D. Pa. Oct. 23, 2018) (citing *United States v. Christian*, 660 F.2d 892, 894 (3d Cir. 1981)). As noted above, McDonald asks this Court to order the Northampton County Court of Common Pleas, Judge Kassis, and the Northampton County District Attorney's Office to take certain actions in McDonald's pending state prosecution. (Pet. at 1-3, 7, 9, 15-16, 18.) However, this Court lacks jurisdiction to issue a writ of mandamus to state officials. *See In re Jones*, 28 F. App'x 133, 132 (3d Cir. 2002) (*per curiam*) (noting that "[t]he federal courts . . . have no general power in a mandamus action to compel action . . . by state officials"); *see also In re Brown*, 382 F. App'x 150, 150 (3d Cir. 2010 (*per curiam*) (noting that a request for "an order directing state courts or

state officials to take action . . . lies outside the bounds of . . . mandamus jurisdiction as a federal court"); *In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (*per curiam*) (explaining that a district court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official"); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *1 (D.N.J. May 10, 2022) (federal court lacks jurisdiction to direct the state court to dismiss an indictment). Thus, the Court cannot provide the relief McDonald seeks, and this case must be dismissed for lack of jurisdiction.[2]

### IV.     CONCLUSION

For the foregoing reasons, McDonald's Petition is dismiss for lack of jurisdiction. No opportunity to amend will be permitted as McDonald cannot cure the defects noted. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.

---

[2] While district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, this provision does not apply, as § 1361 does not afford a remedy against state actors. *See Harman v. Datte*, 427 F. App'x 240, 243 (3d Cir. 2011) (*per curiam*) ("The District Court properly concluded that such a remedy was not available because, to the extent they sought mandamus relief in their complaint, 28 U.S.C. § 1361 only affords a remedy against persons who are employees or officers of the United States and neither of the defendants fall in these categories.").